[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14334
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-20990-JLK


BETTY BARBER,
Realtor on behalf of United States of America,
ROXANNE A. JOFFE,
Realtor on behalf of United States of America,

                                    Plaintiffs - Appellants,

versus

PAYCHEX INC.,
CERIDIAN CORPORTION,
a Wholly owned subsidiary of Ceridian Corp.,

                                    Defendants - Appellees,

AUTOMATIC DATA PROCESSING, INC.,

                                    Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 30, 2011)

Before TJOFLAT and MARTIN, Circuit Judges, and DAWSON,[*] District Judge.

PER CURIAM:

Plaintiffs-Relators Betty Barber and Roxanne A. Joffe appeal the district

court's dismissal of their qui tam action against Defendants Paychex, Inc.,

Automatic Data Processing, Inc., and Ceridian Corporation under Federal Rules of

Civil Procedure 9(b), 12(b)(1), and 12(b)(6).  Defendants provide payroll, tax,

human resources, and benefits administrative services to businesses within the

United States and elsewhere.  After carefully reviewing the record and having the

benefit of oral argument, we affirm.

Under the reverse false claims provision of the False Claims Act ("FCA"),

the United States, or a private citizen acting on its behalf, may sue to recover

monies from "[a]ny person who . . . knowingly makes, uses, or causes to be made

or used, a false record or statement to conceal, avoid, or decrease an obligation to

---

[*] Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

2

pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(7) (2008).[1] Plaintiffs-Realtors' qui tam complaint alleges Defendants violated § 3729(a)(7) by including interest derived from funds held for clients as taxable income on their federal income tax returns for fiscal years 2006 through 2008. The Tax Bar provision of the FCA provides that "[§ 3729] does not apply to claims, records, or statements made under the Internal Revenue Code of 1986." Id. § 3729(e). Because Plaintiffs-Relators' claims involve "records[ ] or statements made under" the Tax Code, the district court did not err in dismissing their complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on the basis that it is barred by the FCA's Tax Bar. Accordingly, we affirm.[2]

AFFIRMED.

---

[1] After this qui tam complaint was filed, the False Claims Act was amended by the Fraud Enforcement and Recovery Act, Pub. L. No. 111-21, 123 Stat. 1617, and the Patient Protection and Affordable Care Act of 2010, Pub. L. 111-148, 124 Stat. 119. Those amendments, however, do not apply retroactively. See Graham Cnty. Soil and Water Conservation Dist. v. United States ex. rel. Wilson, ___U.S.___, 130 S. Ct. 1396, 1400 n.1 (2010); Hopper v. Solvay Pharm., Inc., 588 F.3d 1318, 1327 n.3 (11th Cir. 2009). Thus, all references are to the pre-amended version of the FCA.

[2] Having concluded that the FCA's Tax Bar applies, we need not address Plaintiffs-Relators' other arguments challenging the district court's dismissal of their qui tam complaint.